IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ANDRES RUBIO-GUERRERO, a/k/a Manuel Rubio,<br><br>  Defendant. | No. CR06-4089-MWB<br><br>**ORDER REGARDING DEFENDANT'S *PRO SE* MOTION TO DISQUALIFY TRIAL COURT JUDGE** |

This case comes before the court on defendant Andres Rubio-Guerrero's *pro se* Motion To Disqualify Trial Judge (docket no. 124). In his motion, defendant Rubio-Guerrero requests the recusal of the undersigned, pursuant to 28 U.S.C. § 144.[1] Defendant Rubio-Guerrero asks the undersigned to recuse himself "for the prejudicial, and biased actions he has displayed in the case at bar." Motion at 1. First, the court notes that this case is closed; defendant Rubio-Guerrero having been sentenced on August 20, 2007, his appeal denied on July 28, 2008, and his petition for a writ for certiorari denied on February 23, 2009. Accordingly, there are no pending matters in this case for the undersigned to recuse himself from considering at this time.

Moreover, although defendant Rubio-Guerrero seeks relief pursuant to 28 U.S.C. § 144, it is clear that his motion fails to comply with the requirements of § 144. Specifically, § 144 requires a party to file a timely and sufficient affidavit that the judge

---

[1] Defendant Rubio-Guerrero also seeks recusal pursuant to 28 U.S.C. § 47. Section 47 provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." 28 U.S.C. § 47. This statute is inapplicable here because "its plain language only applies to cases on 'appeal,' . . ." *Clemmons v. Wolfe*, 377 F.3d 322, 325 (3rd Cir. 2004).

has a personal bias or prejudice against him. 28 U.S.C. § 144. Defendant Rubio-Guerrero's motion contains no affidavit or any statement that the allegations in it were made under penalty of perjury nor does it contain any sworn declaration. The Eighth Circuit Court of Appeals has held that "'[a]n affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge.'" *In re Medlock*, 406 F.3d 1066, 1073 (8th Cir. 2005) (quoting *United States v. Anderson,* 433 F.2d 856, 859 (8th Cir. 1970)); *see also United States v. Young,* 907 F.2d 867, 868 (8th Cir. 1990) ("The district court properly refused to recuse himself because Young's affidavit was untimely and legally insufficient."). Because defendant Rubio-Guerrero has failed to comply with § 144's statutory requirements, his claim of prejudice is legally insufficient and denied on that ground. *See In re Medlock*, 406 F.3d at 1073; *Young,* 907 F.2d at 868.

Even if the court were to consider defendant Rubio-Guerrero's unsworn allegations, he has not stated a sufficient basis for disqualification under § 144. Defendant Rubio-Guerrero has not identified any factual basis for recusal. Rather, he has provided only curt, conclusory allegations. The court, therefore, concludes that defendant Rubio-Guerrero has failed to establish a basis for recusal, as his conclusory allegations fail to demonstrate any "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Accordingly, defendant Rubio-Guerrero's *pro se* Motion To Disqualify Trial Judge is denied.

**IT IS SO ORDERED.**

**DATED** this 30th day of July, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA